UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ x
OLGA VYSHNEVSKY, DMD PC          :
DBA TAPPAN DENTAL,               :
                                 :   Civil Action No. 20-cv-2447
              Plaintiff,         :
                                 :   Jury Demand
         v.                      :
                                 :
BOB HWANG, DMD and               :
TAPPAN DENTAL PC,                :
                                 :
              Defendants.        :
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ x
```

## COMPLAINT

Plaintiff Olga Vyshnevsky, DMD PC DBA Tappan Dental ("Plaintiff"), through its attorneys, complaining of Defendants Bob Hwang, DMD and Tappan Dental PC, alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law and in equity to remedy acts of, inter alia, (1) false designation of origin under 15 U.S.C. § 1125(a); (2) violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d); (3) unfair competition under the common law of New York; and (3) use of name with intent to deceive under N.Y. G.B.L. § 133, all caused by Defendant Bob Hwang, DMD's ("Defendant Hwang") and Tappan Dental PC's ("Defendant PC") (Defendant Hwang and Defendant PC, collectively, "Defendants") unauthorized use of Plaintiff's well known and distinctive service mark, TAPPAN DENTAL.

2. Plaintiff is a New York corporation with an address at 165 Washington Street, Tappan, New York.

3. Upon information and belief, Defendant Hwang is an individual residing at 50 E Hartsdale Ave, Apt 2R, Hartsdale, NY 10530.  Defendant Hwang is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

4. Upon information and belief, Defendant Hwang is an individual residing at 41 Lincoln Terrace, Harrington Park, NJ 07640.  Defendant Hwang is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

5. Upon information and belief, Defendant Hwang is the principal of Defendant PC and is the moving, active, and conscious force behind Defendant PC's acts of false designation of origin, unfair competition and cybersquatting alleged herein.

6. Upon information and belief, Defendant PC is a corporation with an address at 23 NY-303, Tappan, NY 10983.  Defendant PC is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

7. This court has original jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, 28 U.S.C. §1331 and 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

Plaintiff's Well-Known Mark

9. Plaintiff is the owner of the well-known dental practice TAPPAN DENTAL.

4819-5972-1142v.1

10. Plaintiff uses the TAPPAN DENTAL service mark in connection with its dental practice, including in connection with a wide variety of dental and related services, including dental restorative and cosmetic procedures; treatment of patients with snoring, sleep apnea and TMJ (temporomandibular joint) disorders; dental hygienist services; dental imaging services; oral surgery and dental implant services; and urgent dental care center services (the "TAPPAN DENTAL Mark").

11. Plaintiff, both by itself and through its predecessor-in-interest, has been providing dental and related services in commerce under the TAPPAN DENTAL Mark for almost nine years, since May 5, 2011.

12. During that time, the TAPPAN DENTAL Mark has been extensively promoted and received significant positive press and attention from the trade and public.

13. Based on all of the foregoing, the TAPPAN DENTAL Mark has gained a secondary meaning as denoting dental and related services of excellent quality and value, and the TAPPAN DENTAL Mark has become a business asset of immense value to Plaintiff. Patients needing dental and related services have come to recognize TAPPAN DENTAL as emanating from Plaintiff's TAPPAN DENTAL practice.

Defendants' Infringing Activities

14. Long after Plaintiff's adoption and use of the TAPPAN DENTAL Mark, and long after such Mark achieved widespread commercial recognition, Defendants, without Plaintiff's authorization or consent, began operating a dental practice under the name TAPPAN DENTAL PC (the "Infringing Mark").

15. Due to the fact that the Infringing Mark is identical to Plaintiff's TAPPAN DENTAL Mark (save for the addition of the descriptive designation PC at the end) and the

Marks are used for identical services - *i.e.*, dental services - consumers are likely to mistakenly believe that Defendants' dental practice is owned by Plaintiff, or that there is some association or affiliation between Plaintiff and Defendants when in fact, there is not.

16. The likelihood of confusion is exacerbated due to the geographic proximity between Plaintiff's and Defendants' dental practices since the practices are located a mere half a mile from each other, and consumers will likely believe Plaintiff has simply opened up a second branch of its successful TAPPAN DENTAL practice.

17. The likelihood of confusion is further exacerbated by the fact that Defendant's website for its dental services uses a domain name which is confusingly similar to Plaintiff's TAPPAN DENTAL Mark, i.e., https://tappandentalpc.com/ (the "Infringing Domain"). The Infringing Domain is also confusingly similar to the domain name Plaintiff uses for its website, https://www.tappandental.com.

18. There have already been several instances of actual confusion - *i.e.*, consumers contacting Plaintiff, mistakenly believing that Defendants' dental practice is another branch of Plaintiff's successful TAPPAN DENTAL practice and/or that Defendants are associated with Plaintiff. Actual confusion is strong evidence that there is a likelihood of confusion.

19. Upon information and belief, Defendants' acts of unfair competition and infringement have been willful.

## COUNT I

## UNFAIR COMPETITION UNDER THE LANHAM ACT

20. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin and false descriptions and representations.

4819-5972-1142v.1

21. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

22. Defendants' use of the Infringing Mark is likely to create confusion and to deceive consumers as to the source of origin, sponsorship and/or authorization of Defendants' business.

23. As more fully set forth above, the TAPPAN DENTAL Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Plaintiff.  The purchasing public is likely to mistakenly attribute to Plaintiff the use by Defendants of the Infringing Mark as a source of origin, authorization, affiliation, and/or sponsorship for Defendants' dental services, and, therefore, to patronize Defendants' dental practice in that erroneous belief.

24. Defendants' adoption and continued willful use of a mark confusingly similar to that of Plaintiff as hereinabove alleged, constitutes a use in interstate commerce and a false designation of origin or false and misleading description or representation of goods and/or services in commerce, with knowledge of the falsity, and deceptive misdescription, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of Defendants' dental services, within the meaning and in violation of 15 U.S.C. § 1125(a).

25. Defendants have used in connection with the providing of services, false designations of origin and false descriptions and representations, including words or other symbols, which tend falsely to describe or represent such services and has caused such services to be provided and sold in commerce with full knowledge or willful blindness of the falsity of such designations of origin and such descriptions and representations, all to the detriment of

4819-5972-1142v.1

Plaintiff.  In particular, the operation by Defendants of a dental practice under the Infringing Mark constitutes the use of false descriptions and representations tending falsely to describe services provided by Defendants.

26. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill and has caused Plaintiff to suffer monetary damages in an amount that has yet to be determined.

27. Unless restrained and enjoined, Defendants' continuing acts of infringement will cause Plaintiff irreparable harm and damage for which there is no adequate remedy at law.

## COUNT II

## CYBERSQUATTING UNDER THE LANHAM ACT

28. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et. seq., particularly under U.S.C. § 1125(d), and alleges cybersquatting under the Anti-cybersquatting Consumer Protection Act.

29. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

30. Upon information and belief, Defendants at all relevant times, are and continue to be aware of the goodwill, reputation and value represented and symbolized by the TAPPAN DENTAL Mark, and are and continue to be aware that the TAPPAN DENTAL Mark is recognized and relied upon by the trade and the public to identify the dental and related services of Plaintiff and to distinguish them from the services of others.

31. Upon information and belief, notwithstanding the reputation and goodwill represented by the TAPPAN DENTAL Mark and Defendants' awareness thereof, and, upon information and belief, precisely because of said awareness, Defendants, upon information and

belief, willfully and in bad faith registered and began in bad faith using in commerce the Infringing Domain.

32. The Infringing Domain is confusingly similar to the TAPPAN DENTAL Mark.

33. Upon information and belief, the activities of Defendants complained of are willful, intentional, in bad faith and in total disregard of Plaintiff's rights and were commenced and have continued despite Defendants' knowledge that the unauthorized registration and use of the TAPPAN DENTAL Mark or a copy or a colorable imitation thereof as a domain name, including, without limitation, the Infringing Domain, was and is in direct contravention of Plaintiff's rights.

34. The registration and use in commerce by Defendants of the Infringing Domain has been without the consent of Plaintiff, and is likely to cause confusion and mistake in the minds of the purchasing public and falsely create the impression that the dental and related services provided under the Infringing Mark are authorized, sponsored, or approved by Plaintiff when in fact, they are not.

35. Upon information and belief, the activities of Defendants complained of herein were conducted in bad faith and constitute willful and intentional conduct intended to trade on Plaintiff's reputation.

36. Defendants' registration and continued use of the Infringing Domain has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill and has caused Plaintiff to suffer monetary damages in an amount not thus far determined.

37. Unless restrained and enjoined, Defendants' aforesaid acts will cause Plaintiff irreparable harm and damage for which there is no adequate remedy at law.

## COUNT III

## **UNFAIR COMPETITION UNDER THE COMMON LAW OF NEW YORK**

38. This claim arises under the common law of the State of New York and alleges the willful and intentional unfair competition by the Defendants.

39. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

40. As more fully set forth above, Plaintiff's TAPPAN DENTAL Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Plaintiff.

41. As a result of Defendants' use of the Infringing Mark, the trade and purchasing public are likely to believe erroneously that Defendants' dental services originate from Plaintiff or that Defendants' dental practice is sponsored or endorsed by or affiliated with Plaintiff, when in fact, they do not.

42. As more fully set forth above, the use by Defendant of the Infringing Mark constitutes passing off, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices wherein Defendants' conduct is likely to cause confusion in the trade as to the source of Defendants' dental services or is likely to lead the public to believe that Defendants and their dental services are in some way connected with Plaintiff when in fact they are not, all to the detriment of Plaintiff and in violation of the common law of the State of New York.

43. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill and has caused Plaintiff to suffer monetary damages in an amount that has yet to be determined.

44. Unless restrained and enjoined, Defendants' continuing acts of infringement will cause Plaintiff irreparable harm and damage for which there is no adequate remedy at law.

## COUNT IV

## VIOLATION OF N.Y. G.B.L. § 133

45. This claim arises under N.Y. G.B.L. § 133 and alleges use of a name with intent to deceive.

46. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

47. Upon information and belief, Defendants, with intent to deceive and mislead the public, has and will continue to assume, adopt, and/or use as, or as part of its corporate, assumed, and/or trade name, for advertising purposes, for the purposes of trade, and/or for some other purpose, TAPPAN DENTAL PC, which deceives and/or misleads the public as to the identity of Defendants and/or as to the connection of Defendants with Plaintiff.

48. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and its business, reputation and goodwill and has caused Plaintiff to suffer monetary damages in an amount that has yet to be determined.

49. Unless restrained and enjoined, Defendants' continuing acts of infringement will cause Plaintiff irreparable harm and damage for which there is no adequate remedy at law.

WHEREFORE, Plaintiff demands:

I. That a preliminary and permanent injunction be issued enjoining Defendants and their agents, servants, employees and attorneys and those persons in active concert or participation with them:

    A.    From providing or promoting any services under the Infringing Mark or from otherwise using the Infringing Mark or any other mark which contains the TAPPAN element or is confusingly similar to the TAPPAN DENTAL Mark, including, without limitation, as a company name, corporate name or d/b/a/;

    B.    From unfairly competing with Plaintiff; and

    C.    From using in connection with the sale of any goods or services, a false or misleading description or representation including words or other symbols tending to deceive.

II.    That Defendants be required to pay such actual damages as Plaintiff has sustained in consequence of the acts of Defendants complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

III.    That Defendants be required to account to Plaintiff for all profits resulting from Defendants' infringing activities and that such award of profits to Plaintiff be increased by the Court as provided for under 15 U.S.C. § 1117.

IV.    That the Court find this case to be exceptional and award reasonable attorneys' fees to Plaintiff.

V.    That Plaintiff have a recovery from Defendants of the costs of this action pursuant to 15 U.S.C. § 1117.

VI.    That Defendants be required to pay to Plaintiff punitive damages in connection with Plaintiff's common law unfair competition claim.

VII.    That Defendants be ordered to deliver up to Plaintiff for destruction all signs, labels, stickers, prints, packages, wrappers, receptacles, advertisements and other written or

printed material in its possession, custody or control which bear the Infringing Mark, alone or in combination with any other words, marks or other elements.

    VIII.    That Defendants be required to transfer to Plaintiff any domain name and social media handles owned or controlled by Defendants that incorporate the TAPPAN DENTAL Mark, including, but not limited to, the Infringing Domain;

    IX.    That Defendant PC be required to file all necessary paperwork, including without limitation, with the Secretary of State of New York State, to change its name to one that does not consist of or incorporate the TAPPAN DENTAL Mark.

    X.    That Plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

    Respectfully submitted,

Dated: New York, New York  
       March 20, 2020

By:  */s/ Anthony F. Lo Cicero*  
Anthony F. Lo Cicero (AL 7538)  
Holly Pekowsky (HP 5034)  
AMSTER, ROTHSTEIN & EBENSTEIN LLP  
90 Park Avenue  
New York, NY  10016  
Tel. No.: (212) 336-8000  
Fax No.: (212) 336-8001  
alociceron@arelaw.com  
hpekowsky@arelaw.com

*Attorneys for Plaintiff Olga Vyshnevsky, DMD PC DBA Tappan Dental*

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff OLGA VYSHNEVSKY, DMD PC DBA TAPPAN DENTAL hereby demands trial by jury on all issues triable by right of jury in this action.